UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| SANFORD E. LEVY, LLC, | ) |
| Plaintiff, | ) |
| | ) Civil Case No. 14-cv-253-JMH |
| v. | ) |
| FIVE STAR ROOFING SYSTEMS, INC., et al., | ) **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) |

\*\*\*

This Motion is before the Court upon Defendants' Motion for Leave to Amend Answer to Assert Counterclaim [DE 34]. Plaintiff has filed a Response, stating its objections [DE 40], and Defendants have filed a Reply [DE 42] in further support of its Motion. This motion is ripe for consideration.

Fed. R. Civ. P. 16(b) provides that where a motion to amend is made after the time set forth in a court's scheduling order, the Court may modify the schedule only for good cause. *Leary v. Daeschner*, 329 F.3d 888 (6th Cir. 2003); see also Fed. R. Civ. P. 15(a) (leave to amend a pleading shall be freely given when justice so requires). Good cause is determined by the measuring of the movant's diligence in meeting the deadline and the unreasonableness of meeting the deadline without modification. *Id*. at 906. The Court considers, as well, whether and to what

extent Plaintiff will be prejudiced by permitting the amendment. *Id*.

The Court concludes that Five Star has shown good cause for seeking to amend after the deadline for amendment set in this matter. Specifically, the information which would support the counterclaim for the alleged breach of contract was obtained in January and February of this year and only through the discovery process in the ongoing matter. Although completion of the work for which Five Star wishes to seek relief dates back to February 20, 2014, and although Five Star probably doubted that the invoices would be paid after the invoice for that work remained unanswered for months, it was only during the course of recent discovery that Levy expressed a clear intent not to pay the invoices for that work. Further, to the extent that Five Star's proposed counterclaim turns on the idea that the warranty has been voided by Plaintiff and third-parties' actions and, thus, the invoiced work was performed outside of the warranty contract, Five Star's recognition of that may have been hindered by Levy's January 24, 2015, assurance that it had produced all documents relevant to the documentation of leaks and maintenance of the roof. Additional information about the state of the roof and work performed on the roof during the relevant time was only found through Levy's deposition on February 27, 2015, and third-

party subpoenas of e-mails between Levy and Plaintiff's tenant, the Habitat for Humanity Re-Store.

Further, Five Star's proposed counterclaim and Levy's original claim are substantially related, and, in light of the information Levy has already obtained in discovery its claim, prejudice would be unlikely.  The real dispute appears to be whether the work performed and invoiced was warranty or non-warranty work, which turns in large part on information in Levy's possession regarding the type of maintenance and third-party repairs performed on the roof.  Ultimately, the Court favors the resolution of parties' claims on the merits and concludes that amendment is appropriate at this time because justice requires it.  See Fed. R. Civ. P. 15.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Leave to Amend Answer to Assert Counterclaim [DE 34] is **GRANTED**.

This the 10th day of June, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge