UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| SANFORD E. LEVY, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Case No. 14-cv-253-JMH |
| v. | ) | |
| | ) | |
| FIVE STAR ROOFING SYSTEMS, | ) | |
| INC., et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
|     Defendants. | ) | |

\*\*\*

This matter is before the Court upon Defendant Five Star's
Motion for Summary Judgment in which it argues that Levy's claim
for breach of contract is barred by the doctrine of *res judicata*
[DE 47; Response at DE 59; Reply at DE 65]; Plaintiff Levy's cross-
Motion for Summary Judgment as to its claim for breach of contract
as well as for its claim to pierce the corporate veil and for
attorney's fees [DE 52; Response at DE 63; Reply at DE 69]; Five
Star's Motion for Summary Judgment as to its counterclaims for
breach of contract and invasion of privacy [DE 49; Response at DE
60; Reply at DE 64]; and Levy's cross-Motion for Summary Judgment
with respect to Five Star's counterclaims for breach of contract,

invasion of privacy, and declaratory relief [DE 58; Response at DE 62; Reply at DE 70].

For the reasons stated below, Five Star's Motion for Summary Judgment [DE 47] will be granted; Levy's cross-Motion for Summary Judgment [DE 52] will be denied; and Five Star's Motion for Summary Judgment [DE 49] and Levy's cross-Motion for Summary Judgment [DE 58] will each be granted in part and denied in part.

I.

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant must show the district court that no genuine issue of material fact exists, and the Court must view all evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in the nonmoving party's favor. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir.2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). There is a genuine issue of material fact only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Thus, the Court considers "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

2

## II.

Plaintiff/Counterdefendant Sanford E. Levy, LLC ("Levy"), is a single member limited liability company managed by its sole member, Sanford Levy, of Lexington, Kentucky.  In 2008, Levy and another company owned by Sanford Levy, Sanford E. Levy II, LLC ("Levy II"), contracted with Defendant/Counterplaintiff Five Star Roofing Systems, Inc. ("Five Star"), to install two flat roofs on two buildings in Lexington, Kentucky.  One of these commercial properties and the subject of the present lawsuit is located at 451 Southland Drive and owned by Levy.  The other is located at 3080 Richmond Road and owned by Levy II.  The roofs installed on were installed using identical materials and techniques at about the same time.

With respect to the roof installed at 451 Southland Drive, Levy and Five Star entered into a Service Warranty and a Materials Warranty on or about July 25, 2008.  The Warranties provided, among other things, for repairs by Five Star for timely reported leaks if determined to be "the result of a defect in the materials or installation."  If leaks are determined "not [to be] the result of defects in Five Star's workmanship or material then Five Star will not be responsible for the cost of these repairs and the cost of the inspection shall be paid for by the owner."  Exclusions under the warranties include roof damage resulting from "[a]cts of negligence or misuse by the owner [Levy] or his agents and

3

employees and inadequate or improper maintenance" and "installation of equipment and roof penetrations or alterations to the building that interfere with the roof system without the knowledge of Five Star and not flashed or repaired by Five Star or an Authorized Approved FLEX-STAR Roofing Applicator."

Since the installation of the roofs, Levy has performed no maintenance of note and has authorized work on the roof or work which impacted the roof by other contractors. Five Star has also made several service calls and conducted inspections of leaks reported by Levy. There is some dispute as to whether those inspections were timely or whether Levy interfered with those inspections, but those facts are immaterial to resolution of the questions before the Court today.

Rather, it is relevant that, subsequent to the installation of the roofs, Levy claimed that both roofs were defective and negligently installed and that Five Star was not honoring its written warranties on the two roofs. In February 2010, Levy and Levy II filed suit against Five Star in Fayette Circuit Court in Lexington, Kentucky, claiming among other things that Five Star negligently and defectively installed the roofs at 451 Southland Drive and 3080 Richmond Road. Fayette Circuit Court Civil Action No. 10-CI-574 was tried from March 4-6, 2013, and a judgment entered by the Fayette Circuit Court on March 19, 2013. Among other things, the judgment ordered that,

4

> As to Plaintiffs' complaint regarding
> negligence, the Court finds that the
> Plaintiffs' claim of negligence is correct and
> valid.  The Court finds that the evidence
> presented by Plaintiffs' expert that the roof
> was not properly attached and as a result here
> have been problems and there will continue to
> be problems with the roof at 3080 Richmond
> Road as a result of the negligent installation
> of the contracted roof, more convincing than
> the testimony of the Defendant's expert.  The
> Court finds that the ponding, ridging, and
> splitting of the roof membrane at 3080
> Richmond Road is proof that the Defendant
> failed to comply with their obligation to
> install the roofs in a proper way.

[DE 47-4 at p. 3, ¶ 4, Page ID#: 1009.]  The Fayette Circuit Court also concluded "that the only appropriate relief with regards to roof at 3080 Richmond Road is the installation of a new roof." [*Id*. at ¶ 5.]   No relief was awarded with respect to the roof on Southland Drive.

On May 28, 2014, Levy filed the present action in Fayette Circuit Court, Fayette Circuit Court Civil Action No. 14-CI-2018, alleging that Five Star breached its warranty pertaining to the roof at 451 Southland Drive because Five Star has failed to make repairs for leaks arising from its defective and negligent installation of the roof at 451 Southland Drive.  Levy also sought a piercing of the corporate veil to hold Five Star's president and owner, Christopher Spegal, personally liable for any judgment obtained in this matter.[1]  At that time, Levy's Complaint included

---

[1] Levy also sought to pierce the corporate veil and to hold Spegal personally liable for the judgment obtained in the matter before the Fayette

Five Star's taxpayer identification numbers, the social security number of Five Star's sole shareholder, Christopher Spegal, and Five Star's corporate federal and state tax returns in its pleadings, all of which were placed in the public record of the case. It is undisputed that neither Five Star nor Spegal make that information publically known as a general matter.

On June 24, 2014, Defendants removed the matter to this Court. On September 10, 2014, the Court granted Plaintiff's July 18, 2014, Motion for Leave to File a First Amended Complaint claiming breach of warranty (Count I), seeking to pierce the corporate veil as to Spegal in connection with the judgment obtained in the Fayette Circuit Court (Count II) and with respect to any judgment obtained in this action (Count III), and seeking attorney's fees and punitive damages (Count IV) [DE 7, 9, 10].

On June 10, 2015, the Court granted leave for Five Star and Spegal to amend their answer so that Five Star could assert counterclaims against Levy [DE 43]. In Count I of the Counterclaim, Five Star claims that Levy breached the Service and Materials Warranties when it failed to pay invoices in the amount of $5,895.00 for inspections conducted and work performed on the

---

Circuit Court in its original complaint. In June 2014, that judgment was satisfied by funds from Five Star's bank account. Nonetheless, in its First Amended Complaint, tendered on July 18, 2014, Plaintiff again sought to pierce the corporate veil as to Spegal in connection with the judgment obtained in the Fayette Circuit Court (Count II). The Court granted the parties' Joint Motion to Dismiss Count II of the First Amended Complaint on June 25, 2015 [DE 48].

roof at 425 Southland Drive by Five Star for issues with the roof that were not the result of defects in workmanship or material. In Count II of the Counterclaim, Five Star claims that Levy breached the Service and Materials Warranty by failing to perform "appropriate maintenance" on the roof at 425 Southland Drive and that Five Star should be relieved from the performance of further obligations under the warranties because the warranties have been voided by Levy's breach of contract. In Count III, Five Star claims that Levy has breached the Services and Material Warranties by authorizing roof penetrations without the knowledge of Five Star and which were not flashed or repaired by either Five Star or an authorized and approved Flex-Star roofing applicator as required by the contract, such that that Five Star should be relieved from the performance of further obligations under the warranties because the warranties have been voided by Levy's breach of contract. In Count IV, Five Star seeks a declaration of rights with respect to its obligations under the warranties and a declaration that the warranties are, in fact, void by virtue of Levy's actions and inactions with respect to the roof.[2]   In Count

---

[2] Specifically, Five Star seeks a declaration that it has not violated Levy's rights under the Service and Materials Warranties because Levy has interfered with the execution and proper performance of Five Star's obligations under that agreement and that the Service and Materials Warranties have been voided due to inadequate and improper maintenance of the roof by Levy, because of damage by "intense damaging hail" that was left unabated rather than subjected to repair and not reported to Levy's insurance company, because Levy has authorized significant alterations and penetration of the roof without required notification to Five Star, and because Levy has failed to pay Five

7

V, Five Star seeks damages for invasion of privacy because Levy published its sensitive, confidential information in the public record of this matter, without Five Star's consent, when the matter was pending before the Fayette Circuit Court.[3]

Five Star now asks the Court to enter summary judgment in its favor with respect to all claims in Levy's First Amended Complaint on the grounds that Levy's claims for breach of warranty are *res judicata* by virtue of the judgment entered in Fayette Circuit Court [DE 47], and that Levy's claim for piercing the corporate veil and its claim for attorney's fees and punitive damages are, therefore, moot. In its cross-motion, Levy asks the Court to enter summary judgment in its favor with respect to its claims for breach of warranty, piercing the corporate veil, and for attorney's fees [DE 52]. Five Star seeks summary judgment in its favor with respect to its Counterclaims II (breach of warranty), III (breach of warranty), and IV (request for declaratory judgment) [DE 49], while Levy seeks summary judgment in its favor with respect to all of Five Star's counterclaims [DE 58].

---

Star for repair services not covered by the warranties which payment is a condition of the warranties.

[3] There is some suggestion in the briefing that Spegal also seeks relief on this theory, but he raised no counterclaim in this regard. Accordingly, the Court declines to recognize that claim at this time.

**III.**

The Court first considers the parties' cross-motions for summary judgment on Levy's claim for breach of warranty. The relevant language of the warranty documents provides that, after a leak is reported by Plaintiff, there will be an inspection to determine if a reported leak "is the result of a defect in the materials or installation." By contrast, "[i]f it is determined that the leaks are not the result of defects in Five Star's workmanship or material then Five Star will not be responsible for the cost of these repairs and the cost of the inspection shall be paid for by the owner." Plaintiff's theory of the case is that Five Star's improper installation of insulation has resulted in damage to the roof and, ultimately, leakage. Indeed, with respect to the many leaks allegedly reported by Plaintiff in 2014, Plaintiff's expert, Arnold, has testified that "the insulation [installed by Defendant] was not installed properly and was moving[,] subjecting the Roof to leakage" and that the insulation "was not properly secured" by Five Star.[4]

Five Star argues, however, that no such conclusion can ever be reached as a matter of law because, in the prior adjudication

---

[4] Arnold also opines that there is water entering the building through cuts observed in the steel deck, but he was unable to state that those cuts were attributable to Five Star. Levy suggests that, in the absence of some other explanation, Five Star must have caused these intrusions into the roof or would have known about them at the time the roof was installed. The Court sees no support in the law or record of this matter for relief upon the theory of *res ipsa loquitur*, particularly as there is no suggestion that the cuts in the

concerning the installation of the roof on Southland Drive, the Fayette Circuit Court concluded that there was no negligence in the installation of the insulation on its part and, thus, it has already been decided that there is no defect in the materials or installation with respect to the insulation at the Southland Drive property. To the contrary, Levy contends that the Circuit Court found that Five Star was "negligent in its installation of the roof at 451 Southland Drive and failed to comply with its obligation to install the roof in a proper way."

The Court has examined the Fayette Circuit Court's judgment, in which the court ruled in favor of Plaintiffs with respect to their claim for negligence and ordered that the roof at 3080 Richmond Road be replaced. The second roof at bar in that matter and which was also the subject of the negligence is the roof in question, located on property owned by Levy at 451 Southland Drive. While Plaintiff Levy complained that the roof at that address had been negligently installed in precisely the same fashion as the roof at 3080 Richmond Road and was deteriorating, yet the Fayette Circuit Court ordered no relief in negligence with respect to that roof.

Nonetheless, Levy insists that the Fayette Circuit Court found that both roofs were negligently installed by indicating

---

steel deck have been present since before or at the time of the installation of the roof.

that relief on the claim of negligence was awarded to "Plaintiffs" [DE 10, Exh. B.] Levy explains that different remedies, i.e., replacement and nothing at all, were awarded because the roofs were in different condition based upon the extent of deterioration at the time of trial. Plaintiff was not awarded relief in the form of a new roof at 451 Southland Drive because, it explains, that roof was not leaking at that time. And now it is.

The judgment entered by the Fayette Circuit Court is poorly worded at best and simply does not say what Plaintiffs would have the Court believe. With respect to negligence, the Fayette Circuit Court concluded that,

> As to Plaintiffs' complaint regarding negligence, the Court finds that the Plaintiffs' claim of negligence is correct and valid. The Court finds that the evidence presented by Plaintiffs' expert that the roof was not properly attached and as a result here have been problems and there will continue to be problems with the roof at 3080 Richmond Road as a result of the negligent installation of the contracted roof, more convincing than the testimony of the Defendant's expert. The Court finds that the ponding, ridging, and splitting of the roof membrane at 3080 Richmond Road is proof that the Defendant failed to comply with their obligation to install the roofs in a proper way.

The Court went on to conclude "that the only appropriate relief with regards to roof at 3080 Richmond Road is the installation of a new roof."

11

Plaintiff's interpretation hinges on use of the plural, possessive "Plaintiffs'" to define the claim of negligence that was adjudicated before the Fayette Circuit Court and asks the Court to conclude that it must have been an adjudication of both the negligence of Five Star with respect to the Richmond Road installation, which is explicitly mentioned in the judgment, and the Southland Drive installation, which is coupled together in the same negligence cause of action in Plaintiff's state court complaint but is not otherwise mentioned at all in the language of the judgment concerning negligence.

There is no doubt that the Fayette Circuit Court concluded that Five Star was negligent with respect to the installation of the roof on Richmond Road and awarded damages, the replacement of the roof on Richmond Road, accordingly. With respect to the roof on Southland Drive, the Court accepts that the Fayette Circuit Court resolved the negligence claim as to that property and awarded no damages arising out of the negligent installation of the roof. Thus, the issue of the negligence of Defendant with respect to the Southland Drive installation is, as both parties have urged, *res judicata*. It is not, however, to Levy's benefit to have obtained such an adjudication in this instance.

*Res judicata* "stands for the principle that once the rights of parties have been finally determined, the litigation should end." *Coomer v. CSX Transportation, Inc.*, 319 S.W.3d 366, 371 (Ky.

2010) (*citing Slone v. R & S Mining Inc.*, 74 S.W.3d 259, 261, (Ky. 2002)). Here, claim preclusion, which applies where there are an "(1) identity of the parties, (2) identity of the causes of action, and (3) resolution on the merits," applies to bar Plaintiff's breach of warranty claim. *Id.* (*citing Yeoman v. Commonwealth, Health Policy Board*, 983 S.W.2d 459 464 (Ky. 1998)); *see also Smith v. Bob Smith Chevrolet Inc.*, 275 F. Supp. 2d 808 (W.D.Ky 2003).

In this matter, there is no dispute that there is an identity of the parties – Levy and Five Star Roofing – in the case which litigated before the Fayette Circuit Court and the present matter. Both parties also agree that there was a resolution on the merits in the case below. Where the parties differ is with respect to the impact of that action and its resolution on the present matter, i.e., whether there is an identity of action between the two cases.

Plaintiff first urges the Court to determine that it has been finally determined by the Fayette Circuit Court that the roof was negligently installed and, thus, Plaintiff can obtain relief under the warranty for any damages which can be shown to arise from that negligent installation. Plaintiff insists, however, that because its claim in the Fayette Circuit Court sounded in negligence and its claim here sounds in contract, its claim for breach of warranty is not barred by claim preclusion, as Defendant argues. Defendant urges the Court to conclude that Plaintiff has obtained all the relief it can obtain with respect to Plaintiff's argument that

Defendant must make it whole for damages arising from the negligent installation of the insulation in the roof – which is the theory upon which both the claim before the Fayette Circuit Court and the current claim for relief are founded.

The Court agrees with Defendant.  In reaching this conclusion, the Court is mindful of the Kentucky Supreme Court's adoption of the economic loss rule in *Giddings & Lewis, Inc. v. Indus. Risk Insurers,* 348 S.W.3d 729 (Ky. 2011), in which the Court concluded that "economic losses are best addressed by the parties' contract . . . [and that] allocation of risk by contract should control." *Id.* at 738; *see also Cincinnati Ins. Co. v. Staggs & Fisher Consulting Eng'rs, Inc.*, Nos. 2008-CA-002395-MR, 2009-CA-001123-MR, 2013 WL 1003543 (Ky. Ct. App. Mar. 15, 2013) (discussing economic loss doctrine in context of construction contracts). Although the Fayette Circuit Court resolved Plaintiff's claim for damages arising out of the installation of the insulation in the roof on Southland Drive pursuant to Plaintiff's claim for negligence in that case, this Court must presume – whether the judgment explicitly stated that or not – that the Fayette Circuit Court was mindful of the economic loss doctrine.  Had the Fayette Circuit Court believed that Levy was injured and that replacement of the roof on Southland Drive was necessary to remedy the loss by virtue of the relationship between the parties, it would have ordered that relief.  Had it believed that some other form of

14

relief was necessary to repair the injury to Plaintiff, the Fayette Circuit Court might have awarded that, too, but it did not. Rather, Plaintiff was afforded no finding of relief and, thus, no conclusion that it had been damaged in some measurable way by Defendant's actions in installing the insulation at the Southland Drive property.  If Plaintiff believed that the relief was required to make it whole in light of its claimed injury, it should have pursued an appeal of the judgment or sought its amendment at the time it was entered.  It is too little, too late to seek that relief from this Court at this time.  The matter is decided, and this Court – out of respect for the decision of the Fayette Circuit Court in a judgment admittedly drafted by plaintiff's counsel, as sound or unsound as it may be – will not second guess it.

The Court has considered whether the language of the contract, which suggests an occurrence-based analysis of damages (leak occurs, report of leak is made, evaluation of cause of leak must happen, repairs may be made, etc.), makes any difference in this analysis and concludes that it does not.  Damages arising from the installation of the insulation of the Southland Drive location have been adjudicated, and so it is done.  A more artfully drafted judgment might have recognized the consequences of that installation and some sort of obligation on the part of Defendant to make repairs later arising from that installation, but the judgment entered did not do so.  Plaintiff decided to seek relief

15

using a theory of negligence for damages which, really, sounded in contract — and now it has to bear the consequences of the legal maneuvering undertaken on its behalf before the Fayette Circuit Court.

Since it is legally impossible, in light of *res judicata*, for the leakage to be "the result of a defect in the materials or installation" with respect to insulation, as Plaintiff's theory of the case would have it, it must be "determined that the leaks are not the result of defects in Five Star's workmanship or material" and that, thus, Five Star will not be responsible for the cost of these repairs." As such, Defendant Five Star's Motion for Summary Judgment on Levy's breach of warranty claim [DE 47] shall be granted, and Plaintiff Levy's Motion for Summary Judgment [DE 52] on that claim is denied. It follows that Levy's claims in Count III, for piercing the corporate veil, and Count IV, for attorney's fees and punitive damages shall be dismissed, as well.

**IV.**

The Court next considers Five Star's motion for partial summary judgment [DE 49] and Levy's cross-motion for summary judgment [DE 58] with respect to Counts II and III of Five Star's counterclaims. In Count II and III, Five Star avers that Levy has violated the Service Warranty and Materials Warranty by authorizing roof penetrations and other amendments to the roof by Pearce Blackburn Roofing, another contractor, such that the

16

warranty is now void.  The warranties provide that "Five[]Star will not be responsible for repairs to leaks or damage caused by . . . [i]nstallation of equipment and roof penetrations or alterations to the building that interfere with the roof system without the knowledge of Five Star and not flashed or repaired by Five Star or an Authorized Approved FLEX-STAR Roofing Applicator."

The Court declines to entertain this inquiry further. Already, the Court has determined that Plaintiff cannot proceed with respect to its current claims for leaks which it believes were caused by negligent insulation installation for the reason stated above.  To the extent that any recovery for those leaks under the warranties would be barred by operation of this exclusion, it is now a moot issue.  The Warranties do not provide for a voiding of the contract as a whole, only the exclusion of liability for repairs to leaks or damages caused by those installations, penetrations, or alterations referenced in paragraph 4 of the exclusions.  Further, Count IV of Five Star's counterclaims fails for the same reason.  The counterclaim is now moot to the extent that Five Star asks the Court to declare that it is not liable to Levy for the leaks of which Levy complains in its Complaint under the Service and Materials Warranties because the leaks of which Levy complains are excluded because of Levy's interference with the execution and proper performance of Five Star's obligations, because Levy has authorized significant

17

alterations and penetration of the roof without required notification to Five Star, and because the leaks or damage resulted from inadequate and improper maintenance of the roof by Levy or natural disasters, i.e., "intense damaging hail." Accordingly, this motion shall be denied.

**v.**

Next the Court considers Levy's request for summary judgment in its favor on Five Star's first counterclaim, in which Five Star avers that Levy has breached the Service and Materials Warranties by failing to pay invoices arising from its investigation and any repairs for 2014 leaks which Plaintiff claims, in its own breach of contract claim, arose from the faulty installation of the insulation at the Southland Drive property. The Warranties provide that "[i]f it is determined that the leaks are not the result of defects in Five Star's workmanship or material then Five Star will not be responsible for the cost of these repairs and the cost of the inspection shall be paid for by the owner."

As explained above, Levy cannot demonstrate – as a matter of law – that the leaks were the result of faulty installation of the insulation and that Five Star is, thus, responsible for the cost of the repairs to those leaks, so the cost of the inspection must be paid by the owner, Levy, as provided for in the contract. Accordingly, the Court will deny Levy's motion. This matter will be tried with respect to Count I of Five Star's Counterclaim.

**VI.**

Finally, the Court considers the parties' cross-motions for summary judgment with respect to Five Star's counterclaim for invasion of privacy.  Notably, Levy argues that Five Star's claim fails as a matter of law because there is no proof that Five Star suffered actual damages as result of the filing of personally identifying information in the record of the Fayette Circuit Court. In its Response [DE 62 at 17-19], neither Five Star has not provided any proof of damages suffered as a result of the publication of its personal information in the record of the case before the Fayette Circuit Court for a short period of time.  Nor has it identified caselaw which supports Counterclaimants' suggestion that this cause of action is available to a corporate party.  In either event, Counterdefendant Levy's motion is well taken, and this claim shall be dismissed.[5]

---

[5] Further, "statements in pleadings filed in judicial proceedings are absolutely privileged when material, pertinent, and relevant to the subject under inquiry [.]" *Schmitt v. Mann*, 291 Ky. 80, 163 S.W.2d 281, 283 (Ky.App.1942).  In determining whether the privilege applies the court must follow the two step test set forth in *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1127, 18 Fed. R. Serv.3d 201 (6th Cir.1990):

> First, the occasion of the communication must be examined to determine if the statement was made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding." Restatement § 587, at 248. Second, a court must evaluate the content of the statement to determine if it "has some relation to a proceeding that is contemplated in good faith and under serious consideration." Restatement § 587 comments c and e, at 249-50.

*Shafizadeh v. Naumann*, No. 2006-CA-002605-MR, 2009 WL 413753, at *2 (Ky. Ct. App. Feb. 20, 2009).  While Five Star's claim for piercing the corporate veil

**VII.**

For all of the reasons stated above, summary judgment is both proper and improper as set forth below.

Accordingly, **IT IS ORDERED**:

(1)  That Five Star's Motion for Summary Judgment in which it argues that Levy's claim for breach of contract is barred by the doctrine of *res judicata* [DE 47], is **GRANTED**;

(2)  That Levy's cross-Motion for Summary Judgment as to its claim for breach of contract as well as for its claim to pierce the corporate veil and for attorney's fees [DE 52] is **DENIED**;

(3)  That Five Star's Motion for Summary Judgment as to its counterclaims for breach of contract and invasion of privacy [DE 49] is **GRANTED IN PART** and **DENIED IN PART**;

(4)  That Levy's cross-Motion for Summary Judgment with respect to Five Star's counterclaims for breach of contract, invasion of privacy, and declaratory relief [DE 58] is **GRANTED IN PART** and **DENIED IN PART**; and

(5)  that this matter remains set for a bench trial on November 17, 2015, with respect to Count I of Five Star's

---

While Levy's claim for piercing the corporate veil does not succeed, the Court cannot say that it was not pursued in good faith. Certainly, sanctions might have been available for violating the rules of civil procedure with respect to confidential or personal identifying information in violation of Kentucky Rule of Civil Procedure 7.03, but the privilege available for materials pertinent and germane to a matter brought before a court may well bar a claim for invasion of privacy even if it is otherwise available.

Counterclaim.   The parties shall endeavor to resolve the sole remaining issue prior to that date.

This the 10th day of November, 2015.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge